## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MARYLAND

CHRIS GOOD.                                    )
13851 Belle Chasse Blvd #411                   )
Laurel, MD 20707                               )
                                               )
      Plaintiff,              )
                                               )
      v.                      )          Civil Action No:
                                               )
HARBOR HOSPITAL, INC. T/A                      )
MEDSTAR HARBOR HOSPITAL                         )
3001 South Hanover Street                      )
Brooklyn Park, MD 21225                        )
                                               )
    SERVE: Resident Agent               )
    THE CORPORATION TRUST, INC.         )
    2405 York Road                      )
    Suite 201                           )
    Lutherville Timonium 21093-2264     )
                                               )
      Defendant.              )

*****************************************************************************

## COMPLAINT

Plaintiff Chris Good ("Mr. Good" or "Plaintiff"), by and through undersigned counsel, complains that Defendant Harbor Hospital, Inc. t/a MedStar Harbor Hospital ("Defendant" or "MedStar") violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 29 U.S.C. § 2000e *et seq.,* by firing Plaintiff from his employment based on his race, his sex, and for opposing illegal discriminatory activity.

## PARTIES

1.     Mr. Good is an adult resident of Prince George's County, Maryland.

2.     Defendant is a hospital located in Baltimore City, Maryland. Defendant is an "employer" as that term is defined in Title VII and was Plaintiff's employer at all times relevant.

## JURISDICTION AND VENUE

3.      The jurisdiction of the court over this controversy is invoked under the provisions of 28 U.S.C. §1331.

4.      The unlawful employment practices alleged below were committed in Baltimore City, MD.   Accordingly, venue lies in the United States District Court for the District of Maryland under 28 U.S.C. §1391(b).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.      On about January 14, 2022, Plaintiff timely filed a Charge of Discrimination with the Maryland Commission on Civil Rights, Charge No. 12F-2022-00249, alleging Defendant violated Title VII.  The Charge was cross-filed with the EEOC.

6.      One hundred eighty (180) days have passed since Plaintiff filed his formal Charge of Discrimination, and Plaintiff has complied with the statutory prerequisites for maintaining this civil action. By letter dated September 25, 2023, EEOC provided Plaintiff with his 90-day "Right to Sue" Letter, which letter was received via email that same day.   This action is being commenced within that 90-day window of time.

## FACTS

7.      Defendant hired Plaintiff (white male) on December 16, 2019.  He was employed by Defendant until November 24, 2021.   His most recent position was as the Director of Pharmacy.   Mr. Good performed well in this position, receiving good marks on his annual reviews and accolades from his supervisors, and colleagues, who appreciated his dedication to his job and his good performance.

8.      On October 21, 2021, Plaintiff was involved in a meeting with himself, Plaintiff's subordinate employee, Jashoda Patel (female, non-Caucasian), and Robbin Hargroves, Corporate

Business Partner (female, non-Caucasian) to discuss Ms. Patel's work performance.

9.      Instead of discussing Ms. Patel's work performance, however, the meeting was hijacked and Mr. Good was not permitted to speak.  He was constantly interrupted by Ms. Hargroves, who made it clear that she considered Mr. Good to be the problem, not Ms. Patel, notwithstanding that the meeting was being held to discuss Ms. Patel's work performance.  The meeting lasted only five minutes. Mr. Good was not permitted to say anything, and after the meeting Mr. Good was summarily suspended by his supervisor, Dawn Owens (female, non-Caucasian), without any notice or cause. Later that same day, he was told he was suspended for attempting to disrupt the meeting. Mr. Good protested that this was untrue and complained that the true reason for his suspension was that he was being singled out for his efforts – appropriate and professional – to discipline a non-Caucasian female employee.

10.      On November 21, 2021, Mr. Good was terminated. By Dawn Owens, also a female and non-Caucasian employee.  He was told that he had been threatening, intimidating, and harassing other employees, and had failed to follow company procedures.  He had never received any documentation regarding these charges, which he had allegedly done to warrant termination of his employment.  He was never told the specifics of any of these charges, and was not provided with any opportunity to rebut or explain these charges against him.

11.      Ms. Patel was never disciplined for any of her infractions.  Defendant had previously provided a non-Caucasian employee, Director of Security Kevin Johnson, an opportunity to respond to similar charges against him, per MedStar policy.  Mr. Johnson was not suspended or terminated from his employment.

12.      Chris Muskelly, a female, non-Caucasian, replaced Plaintiff in his position.

3

## COUNT I
## (RACE DISCRIMINATION)

13.    Plaintiff adopts by reference the allegations contained in paragraphs 1-12 of this Complaint with the same effect as if herein fully set forth.

14.    On November 21, 2021, Defendant terminated the employment of Plaintiff, a Caucasian male who had sought to discipline a female, non-Caucasian subordinate employee. Plaintiff's termination was by a female, non-Caucasian employee and followed and was in retaliation for his protest that the suspension of his employment was predicated on his being Caucasian and male and not for any legitimate business reason. In the same time frame, Defendant permitted a non-Caucasian employee who had been similarly charged to continue in his position, without suspension or termination.

15.    Title VII of the Civil Rights Act of 1964 prohibits race-based and sex-based discrimination and retaliation.  Defendant's actions in terminating Plaintiff constitute race-based and sex-based discrimination, and illegal retaliation.

16.    As a consequence of Defendant's violation of Title VII, Plaintiff has suffered damages.

WHEREFORE, Plaintiff respectfully prays the Court:

(a)    Grant Judgment for Plaintiff against Defendant.

(b)    Order Defendant to pay Plaintiff in damages, backpay, prejudgment interest, fringe benefits, and any other appropriate relief necessary, to make Plaintiff whole and compensate him for the civil rights violations described above, these amounts to be determined at trial;

(c)    Order Defendant to pay Plaintiff compensatory damages in amounts to be determined at trial;

(d)    Order Defendant to pay Plaintiff punitive damages in amounts to be determined at trial;

(e)    Order Defendant to pay Plaintiff's reasonable attorney's fees, and costs; and

(f)    Order any other relief the Court deems just and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues.

Respectfully submitted,

/s/ *Philip B. Zipin*

Philip B. Zipin, Bar No. 03932
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone: 301-587-9373
Email: pzipin@zagfirm.com

*Counsel for Plaintiff*